## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES COPELAND | : | |
| 807 Wynnewood Road | : | |
| Philadelphia, PA 19151 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| BETH DAVID REFORM CONGREGATION | : | |
| 1130 Vaughan Lane | : | **JURY TRIAL DEMANDED** |
| Gladwyne, PA 19035 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

Charles Copeland (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, herby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Beth David Reform Congregation of the American's with Disabilities Act, as amended ("ADA" – 42. U.S.C. §§ 12101 *et seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq.*), the Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania common law.  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA and ADEA.  Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and ADEA.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein (in part) under the ADA and ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual with an address set forth in the caption.

2

8.    Defendant Beth David Reform Congregation (*hereinafter* "Defendant") is a Non-Profit (non-stock) synagogue, located at the above-captioned address engaged in the religious practice of Judaism.

9.    At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.    Plaintiff is a 67-year-old male.

12.    Plaintiff was hired by Defendant in or about August of 1989 and remained working for Defendant for approximately 27 years before being unlawfully terminated in or about April of 2017 (discussed further *infra*).

13.    When Plaintiff was initially hired by Defendant in or about August of 1989, he primarily performed labor work in the maintenance department.

14.    Throughout the years, Plaintiff proved to Defendant that he was able to perform his job well and as a result, in or about mid-2008, Plaintiff was promoted to full-time "Head of Maintenance", a position which was later renamed "Facilities' Manager".

15.    Towards the end of his employment with Defendant, Plaintiff began being subjected to hostility and animosity because of his advanced age by Defendant's management.

16.    For example, unlike his younger co-workers, Plaintiff was belittled, issued pretextual discipline, perceived to be too ill to work (in January of 2016) and had his concerns (including his concerns of harassment) ignored or down-played.

17.     In the months preceding Plaintiff's termination from Defendant (discussed further *infra*), Plaintiff was suffering from disabilities, including but not limited to a condition related to his shoulder.

18.     For example, on or about March 6, 2017, while performing work for Defendant, Plaintiff suffered an injury to his shoulder, which was reported to Defendant's management as work-related injury and for which he later filed a worker's compensation claim.

19.     As a result of Plaintiff's disabilities (discussed *supra*), Plaintiff suffered from neck pain, shoulder pain and joint pain and (at times) was limited in his ability to lift, push, pull, and work.

20.     Despite his aforementioned health conditions and limitations, Plaintiff was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

21.     On or about March 7, 2017, Plaintiff apprised Jill Cooper (Director of Operations, *hereinafter* "Cooper") of his need for medical accommodations due to his aforesaid health conditions, which included intermittent time off to attend physical therapy (FMLA-qualifying leave).

22.     Plaintiff attended physical therapy approximately 2-3 times per week from in or about mid-March of 2017 through on or about April 28, 2017, the date of his termination (discussed further *infra*).

23.     Plaintiff's aforesaid physical therapy was comprised of 2-3-hour sessions, which required him to miss some time from work.

24.     After Plaintiff apprised Defendant's management of his aforesaid health conditions, need for accommodations and need for workers' compensation benefits, Plaintiff was

subjected to increased hostility and animosity, including but not limited to treating him in a rude and demeaning manner, overly scrutinizing his performance, and making degrading comments to him (such as calling him "the most disgusting person" she [Cooper] ever met).

25.     Plaintiff expressed concerns to Cooper regarding the unfair discriminatory treatment that he was being subjected to; however, his concerns were never properly addressed or resolved in any meaningful way.

26.     On or about April 26, 2017, Plaintiff completed his physical therapy rehabilitation related to his aforesaid shoulder condition.

27.     On or about April 28, 2017, Plaintiff attended a meeting with Ray Reed (President, *hereinafter* "Reed") and Neal Sudkani (Vice President, *hereinafter* "Sudkani").

28.     During his aforesaid April 28, 2017 meeting with Defendant's management, Plaintiff was informed that his position of Facilities' Manager was being eliminated due to budget reasons.  Plaintiff was further told, after giving over 27 years of service to Defendant, that he had approximately two (2) hours to clean out his office.

29.     Immediately following Plaintiff's aforesaid termination, Defendant offered Plaintiff an unsolicited severance agreement asking him to waive all legal claims against Defendant in exchange for monetary consideration.[2]

30.     Plaintiff did not sign the aforementioned severance agreement.

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of claims which are offered *contemporaneously with the notice of termination* are *not* covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy).

31.     Plaintiff believes that his termination (labeled as a "job elimination") is completely pretextual as there were two other younger individuals (approximately in their early 40s) who worked with Plaintiff in the maintenance division of Defendant. Neither of these individual's positions were eliminated and Plaintiff had more seniority and experience than either of these individuals.

32.     Furthermore, upon information and belief, Plaintiff's position as "Facilities' Manager" was replaced by one of the aforesaid younger individuals, Antonio Artis (approximately early 40s), who was Defendant's former "Night Manager" and had only been employed with Defendant for approximately four (4) years at the time of Plaintiff's termination.

33.     Plaintiff therefore believes and avers that his termination was completely pretextual and that he was really terminated in violation of the ADA, ADEA, FMLA, and common law.

**COUNT I**
**Violation of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Hostile Work Environment; [3] Retaliation)**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Towards the end of his employment, Plaintiff suffered from health conditions (discussed *supra*) which resulted in neck, shoulder, and joint pain, which at times, affected his ability to perform some daily life activities, including but not limited to lifting, pushing, pulling, and working.

36.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

37.   Plaintiff requested reasonable medical accommodations from Defendant, consisting of intermittent time off from work and/or of flexible schedule so he could care for and treat for his aforesaid health conditions (including attending physical therapy).

38.   In response to Plaintiff's health conditions and need for reasonable accommodations, Plaintiff was subjected to increased hostility and animosity by Defendant's management.

39.   Plaintiff expressed concerns to Defendant's management regarding the unfair treatment he was being subjected to; however, his concerns were never properly addressed or resolved in any meaningful way.

40.   Plaintiff was terminated from Defendant on or about April 28, 2017, shortly after taking intermittent time off due to his aforesaid health conditions and in close temporal proximity to his complaints of discrimination/retaliation to Defendant's management.

41.   Therefore, Plaintiff believes and avers he was terminated from Defendant in violation of the ADA because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his complaints of discrimination/retaliation, and/or (4) his requested accommodations.

42.   These actions as aforesaid constitute unlawful discrimination, hostile work environment and retaliation under the ADA.

**COUNT II**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination - Hostile Work Environment & Wrongful Termination)**

43.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was subjected to a hostile work environment towards the end of his employment due to his advanced age through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

45.     Plaintiff was terminated from his employment with Defendant because of his advanced age and replaced by a significantly younger individual with less experience and less seniority.

46.     These actions as aforesaid constitute unlawful discrimination under the ADEA.

**COUNT III**
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for his work-related injuries (as discussed *supra*).

49.     It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

50.     The mere temporal proximity between when Plaintiff sought workers' compensation benefits and/or filed a workers' compensation claim and his termination as well as the hostility that he faced following his workers' compensation injury creates an inference that his termination was in retaliation for making such a claim.

51.     These actions as aforesaid constitute wrongful termination in Pennsylvania.

**COUNT IV**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

54.     Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

55.     Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment.

56.     Upon information and belief, Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

57.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

58.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or utilizing FMLA-qualifying leave and (2) terminating Plaintiff to prevent him from taking further FMLA-qualifying leave.

59.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering, and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 620-0801

Date: May 30, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Charles Copeland                                   CIVIL ACTION

v.

Beth David Reform Congregation                      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                              ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 5/31/2018 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 807 Wynnewood Road, Philadelphia, PA 19151

Address of Defendant: 1130 Vaughan Lane, Gladwyne, PA 19035

Place of Accident, Incident or Transaction: Defendant's place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability --- Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/31/2018 _____   ARK2484 _____
Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/31/2018 _____   ARK2484 _____
Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

COPELAND, CHARLES

**DEFENDANTS**

BETH DAVID REFORM CONGREGATION

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government Plaintiff | X 3   Federal Question *(U.S. Government Not a Party)* |
| 2   U.S. Government Defendant | 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | **IMMIGRATION** | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** | | 462 Naturalization Application | |
| | 448 Education / 540 Mandamus & Other | | 465 Other Immigration Actions | |
| | 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, ADEA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/31/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print    Save As...    Reset